IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION, successor in interest to the FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; LAND AMERICA DEFAULT SERVICES; FCI LENDERS SERVICE; TOM ANTHONY, broker, ANTHONY ASSOCIATES; DOES 1–100, inclusive,<br><br>    Defendants.<br>                                       / | No. C 12-00989 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND VACATING HEARING** |

**INTRODUCTION**

In this mortgage-loan dispute, plaintiff moves for leave to file a second amended complaint. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The hearing scheduled for August 9 is **VACATED**.

**STATEMENT**

*Pro se* plaintiff Juan Rodriguez is an individual residing in Alameda County. Defendants are U.S. Bank National Association, successor in interest to the Federal Deposit Insurance Corporation as receiver for Downey Savings and Loan Association, F.A.; Land America Default Services; FCI Lenders Service; Tom Anthony, broker, Anthony Associates; and Does 1 through 100.

The instant action arises out of plaintiff's original mortgage loan agreement with Downey Savings and the bank's foreclosure on plaintiff's home. The prior factual background has already been discussed in this Court's order granting defendant's motion to dismiss (Dkt. No. 32). Background necessary for the instant motion for leave to amend is described below.

**1. PROCEDURAL HISTORY.**

Plaintiff originally filed this action against defendants Downey Savings, Land America Default Services, FCI Lenders Service, Tom Anthony, broker, Anthony Associates, and Does 1–100, in Alameda County Superior Court on March 9, 2009 (Case No. RG09440145). Plaintiff filed a first amended complaint on July 26, 2010, alleging claims for violation of Sections 17200 and 17500 of the California Business and Professions Code, TILA, RESPA, as well as several undeveloped claims of fraud, breach of fiduciary duty, wrongful foreclosure, and forgery. U.S. Bank then removed the action and moved to dismiss the complaint as barred by the statute of limitations, preempted in part by HOLA, and for failure to plead each claim with sufficient specificity. U.S. Bank's motion to dismiss all claims was granted in early June 2012 (Dkt. No. 32).

The dismissal order held: (1) plaintiff's Section 17500 claims, Section 17200 claims (based on RESPA, TILA, or fraudulent sales practices), and independent fraud-based claims were all time-barred; (2) plaintiff's allegations of Section 17500 violations for "untrue or misleading statements" were insufficient as they failed to indicate what the statements were, who made them, or how they were false or misleading; (3) plaintiff failed to allege sufficient facts under the unlawful, unfair, or fraudulent prongs of Section 17200, including the underlying TILA, RESPA, 17500, and fraud claims; and (4) allegations of fraud, breach of fiduciary duty, forgery, and wrongful foreclosure were insufficient to state a claim. Plaintiff was given 21 days to seek leave to file an amended complaint, and was instructed to append a proposed amended complaint to his motion and clearly explain how the proposed amendments to the complaint cure the deficiencies identified in that order.

Plaintiff now moves for leave to file a second amended complaint. The proposed complaint alleges five claims: (1) fraud, (2) concealment, (3) forgery, (4) misrepresentation, and

2

1  (5) violation of TILA.  The proposed amended complaint does not re-allege the previously
2  dismissed Section 17500, Section 17200, RESPA, breach of fiduciary duty, breach of contract,
3  breach of implied covenant, and wrongful foreclosure claims (*see* Dkt. Nos. 35, 38).  Plaintiff
4  also seeks to include Margarita Bonita, doing business as Mi Casa Realty, as an identified Doe
5  defendant (Dkt. No. 35 at 2).  Defendant U.S. Bank opposes the motion for leave to file on
6  grounds that the proposed amended complaint is futile and U.S. Bank will suffer prejudice if
7  leave to file is granted.

### 2. NEW ALLEGATIONS.

The proposed amended complaint adds allegations pertaining to plaintiff's interactions with Margarita Bonita during the process of obtaining plaintiff's loan.  Plaintiff alleges he contacted Mi Casa Realty prior to buying the property and learned that Ms. Bonita was "in charge of the sale."  He then met with Ms. Bonita, who allegedly offered to assist with the loan process, and plaintiff "accepted her help."  Plaintiff initially wanted a loan from Wells Fargo, but Ms. Bonita told him that Downey Savings was "the only bank that was willing to make [plaintiff] the loan."  In February 2010, plaintiff went to Mi Casa Realty with his wife and the owner of the house plaintiff intended to purchase.  He alleges:

> I remember signing papers that had a title of "California Association of Retaliator [sic]", but I do not remember signing any papers associated with the Bank (Downey Savings) that was making me the loan.  I did not give Margarita Bonita nor Mi Casa Reality [sic] power and/or consent to sign my name for a loan. . . .
> I did not receive any copies of the loan papers from Downey Saving and Loan.  When I asked Margarita Bonita about the papers, she said to just make all the payments on time and that it was a new way of buying a home.

(*Id.* at 1–3).

Plaintiff alleges additional facts with regard to the bank:

> In addition, I also do not remember meeting and talking to any representative of the Bank (Downey Saving and Loan) that was making me the loan or signing anything with them.  I just knew that the bank Downey Saving and Loan was giving me a loan of $448,000 as Margarita Bonita had informed me.
> I started to make my monthly payments as soon as Downey Saving and loan started to send me the bills at my home I had bought. . . . I made all my monthly payments on time.  I have documents from Wells Fargo which was the bank I had my

3

> account with that prove I made my payments to Downey Savings and Loan, [See Exhibit-1]
> In the month of July 2008, a check of a payment that was made was returned to me for the amount of $2,287.90, which was the normal monthly payment, because the bank stated that they could not accept it until I made payments from previous months that I had not made, but I did make the payments. . . .

(*Id.* at 3). Later in July, plaintiff traveled to Mexico and left a check for the August 2008 payment with a family friend who was watching plaintiff's home during the trip. The friend contacted plaintiff to notify him that the July 2008 payment had been returned by the bank, at which point plaintiff alleges:

> I got on the phone and called Downey Saving and Loan, and spoke to many representatives over two weeks from the date of the letter sent to me by Downey Saving and Loan. They said that they would check their records and have someone would get back with me. That never happened, despite my many calls. I did not waste any time complaining to the representatives of Downey Saving & Loan about their mistake in not receiving my payments. Now I realize and have a good faith belief that [th]is was not just a mistake, but perhaps "fraudulent concealment" of my payments and the unlawful taking of my family home. I have all of the receipts and Bank statements clearly showing my timely payments.

(*Id.* at 3–4).

Plaintiff further alleges that until February 2009, when defendant Tom Anthony came to his home and said he had purchased it, plaintiff "had no reason to suspect any wrong doing from Downey Savings and Loan, because when the bill came, [he] paid it each and every month" (*ibid.*).

**ANALYSIS**

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4

### 1. CLAIMS AGAINST U.S. BANK.

Plaintiff requests leave to file five claims against U.S. Bank: (1) fraud, (2) concealment, (3) forgery, (4) misrepresentation, and (5) violation of TILA. This order **GRANTS** plaintiff's motion as to the fraud claim, and **DENIES WITHOUT LEAVE TO AMEND** as to the concealment, forgery, misrepresentation and TILA claims. Plaintiff may not seek leave to amend because amendment would be futile, and because he has already been given opportunity to amend but failed to cure the deficiencies.

#### A. Fraud.

The dismissal order found that plaintiff failed to allege sufficient facts of the "who, what, when, where, and how" of the fraudulent conduct as required by the heightened pleading standard set out in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2001). Moreover, all fraud-based claims arising out of the origination of the loan in February 2006 were time-barred under the three-year limitation imposed by California Code of Civil Procedure Section 338(d) (Dkt. No. 32 at 3–5, 10–11).

The proposed amended complaint seeks to cure the statute of limitations defect by alleging that plaintiff "had no reason to suspect any wrongdoing" since he paid the bill "each and every month." (Dkt. No. 38 at 4). Plaintiff alleges Downey Savings returned his check in July 2008 and plaintiff had subsequently been in repeated contact with representatives about what he believed to be a mistake in receiving his payments (*id.* at 3–4). These allegations, if true, make clear that plaintiff first had notice of the alleged problem with his payments in July 2008. Thus, the three-year deadline for filing a claim arising out of fraudulent conduct relating to plaintiff's payments was July 2011. Plaintiff's complaint filed in state court on March 9, 2009 was timely, subject to proof.

Turning to the sufficiency of the allegations, plaintiff's proposed amended complaint pleads the *what* (rejection of his payments, false statements about his payments, intentional failure to correct the "miscalculation," and the eventual foreclosure), *when* (July 2008), *where* (by phone and by mail to his home), and *how* (by miscalculating his balance, refusing to correct the error, and proceeding with foreclosure, despite attempts to submit payments and contact the

5

1  bank).  At this stage, plaintiff is not expected to know the name of the representative(s) he spoke
2  with.  The allegation that he repeatedly contacted bank representatives is sufficient to state the
3  required "who" (*see id.* at 3–5).

4  Accordingly, plaintiff's motion for leave to file a claim for fraud against U.S. Bank is
5  **GRANTED**.

### B. Concealment.

7  Plaintiff's second claim appears to merely reiterate the allegations of concealment
8  pertaining to when he knew or had reason to know of the bank's fraudulent misconduct
9  regarding plaintiff's payments.  These allegations are duplicative of the statute of limitations
10 arguments in the fraud claim just discussed, and do not add any facts to support a separate civil
11 claim for concealment.  As this order has already determined that the allegations serve to
12 suspend the statute of limitations on the fraud claim until July 2008, these allegations may not
13 serve to state an additional independent claim.  When plaintiff files the amended complaint, he
14 should incorporate these allegations into the claim for fraud, rather than as a separate claim.
15 Thus, plaintiff's motion for leave to file a claim for "concealment" is **DENIED**.  Plaintiff may not
16 seek leave to amend to plead this claim as it is superfluous.

### C. Forgery.

18 Forgery was mentioned twice in the first amended complaint without any explanation,
19 therefore, it failed to give rise to a claim (see Dkt. No. 32 at 11).  Based on the proposed
20 amended complaint, it now appears plaintiff contends his signature on the loan papers was
21 forged, and that he could not get copies of the loan papers from Ms. Bonita or the bank when he
22 asked (Dkt. No. 38 at 6–7).  Plaintiff quotes from a treatise for the legal standard for the crime of
23 forgery (*ibid.*, quoting 3 SUBST. CRIM. L. § 19.7(j)(5) (2d ed. 2011)).  However, CALIFORNIA
24 PENAL CODE Section 470 governs the crime of forgery and does not give a private cause of
25 action.  Because "[f]ederal courts are very 'reluctant to infer a private right of action from a
26 criminal prohibition alone,'" this order finds that plaintiff may not state an independent civil
27 claim for forgery.  *See Sohal v. City of Merced Police Dept.*, CV F 09-0160 AWI DLB, 2009 WL
28 961465, at *7 (E.D. Cal. Apr. 8, 2009) (Ishii, C.J.) (citing cases).

6

1    To the extent plaintiff intends the forgery allegations as underlying his civil
2 misrepresentation claim ("The damages are far reaching and caused a *misrepresentation* of
3 facts"), that issue will be addressed in the following section (*see* Dkt. No. 38 at 7) (emphasis
4 added).  However, because the California criminal statute prohibiting forgery does not create a
5 private cause of action, plaintiff cannot state an independent forgery claim, and his motion for
6 leave to file such a claim is **DENIED WITHOUT LEAVE TO AMEND**.

### D.    Misrepresentation.

Plaintiff's fourth claim, for misrepresentation, fails to allege sufficient facts against U.S. Bank.  As an initial matter, this order interprets plaintiff's proposed claim as one for negligent — as opposed to fraudulent — misrepresentation because it points out that the statement "need not be intentionally false to create liability," while fraudulent misrepresentation requires knowledge of falsity.  A negligent misrepresentation claim requires:  "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (Ct. App. 2007).  Our court of appeals has not yet decided whether a misrepresentation claim is subject to FRCP 9(b)'s heightened pleading requirement or only FRCP 8's "short and plain statement" requirement, but because the complaint fails to state a claim under the FRCP 8 standard, this order need not reach the issue.

Plaintiff's proposed amended complaint simply repeats the allegations that plaintiff signed documents at Mi Casa, did not remember signing papers for Downey Savings, and did not get copies from Downey Savings (*see* Dkt. No. 38 at 8–9).  Plaintiff indicates he "thought that there was something in the documents that was not clear to [him]," and that he "felt that [he] was misrepresented by the Bank," but these allegations do not establish any of the required elements of a misrepresentation claim (*see ibid.*).  The forgery allegations are incorporated by reference into this claim; because plaintiff alleges the bank did not "follow the rules of identifying the signature of the person to be charged for paying the loan," the bank arguably lacked reasonable ground for believing the statement (plaintiff's signature on the loan) to be true (*see id.* at 7–9).

7

1  However, plaintiff fails to allege that the bank intended to induce his reliance, or that he
2  reasonably relied on the purported misrepresentation. Accordingly, plaintiff's motion for leave
3  to file an amended claim for misrepresentation is **DENIED WITHOUT LEAVE TO AMEND**.

### E. TILA Violation.

The dismissal order dismissed plaintiff's claims under TILA Section 1635 without leave to amend, due to Section 1635(f)'s "absolute" three-year limitation on rescission actions. The dismissal order allowed plaintiff to seek leave to amend to plead facts of equitable tolling, which may apply to extend the one-year limitation on Section 1640 claims — which normally "runs from the date of consummation" of the loan — "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." (*See* Dkt. No. 32 at 4–5, citing *King v. California*, 784 F.2d 910, 913, 915 (9th Cir. 1986)).

Plaintiff fails to establish the actual TILA violation. The proposed amended complaint refers to how plaintiff was not able to "discover the fraud and nondisclosure that form the basis of the Truth in Lending Act action" but again does not explain what the misconduct is or how it violates TILA (*see id.* at 10). Thus, plaintiff's motion for leave to file an amended TILA claim is **DENIED WITHOUT LEAVE TO AMEND**.

### 2. CLAIMS AGAINST OTHER DEFENDANTS.

Plaintiff seeks to add Margarita Bonita as a defendant as to three claims: (1) forgery, (2) misrepresentation, and (3) TILA violations. Because a case management schedule has not yet been set, plaintiff's request to add a new defendant is timely (*see* Notice Re Case Management Conference, Dkt. No. 34). As there is no opposition or motion to dismiss these claims, this order does not test the sufficiency of these pleadings at this time. Plaintiff's motion for leave to file an amended complaint stating claims of forgery, misrepresentation, and TILA violations against Ms. Bonita is **GRANTED**. Plaintiff must serve Ms. Bonita with the summons and complaint, and proof of service on Ms. Bonita must be filed within **120 DAYS** of filing the amended complaint.

Plaintiff's first amended complaint named Land America Default Services; FCI Lenders Service; and Tom Anthony, broker, Anthony Associates as defendants. The dismissal order noted that FRCP 9(b) "does not allow a complaint to . . . lump multiple defendants together but

8

require[s] plaintiffs to differentiate their allegations when suing more than one defendant" and that "[t]he allegations are especially deficient given that the [Section 17200] claim is directed at all of the defendants as a group." (Dkt. No. 32 at 3, 10). No claims against Land America, FCI, or Tom Anthony have been asserted in the proposed amended complaint, therefore, these parties are **DISMISSED** from the action.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint is **GRANTED** with respect to the forgery, misrepresentation, and TILA violations claims against Ms. Bonita. Plaintiff's motion is **GRANTED** with respect to fraud claim against U.S. Bank, and **DENIED WITHOUT LEAVE TO AMEND** with respect to the concealment, forgery, misrepresentation, and TILA claims against U.S. Bank. Plaintiff must file the second amended complaint in conformity with the rulings herein by **NOON ON AUGUST 1, 2012,** and answers shall be due within **14 CALENDAR DAYS** thereafter. The hearing scheduled for August 9 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 26, 2012

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9